Kathleen C. BENISON and Christopher Benison, Plaintiffs–Appellants,

v.

George ROSS, President of Central Michigan University in His individual and Official Capacity, et al., Defendants–Appellees.

No. 13–2554.

United States Court of Appeals, Sixth Circuit.

Nov. 13, 2014.

BEFORE: MOORE, SUTTON, and ALARCÓN,\* Circuit Judges.

ORDER

The court received a petition for rehearing en banc. The original panel has reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. The petition then was circulated to the full court. No judge has requested a vote on the suggestion for rehearing en banc.

\* The Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

Therefore, the petition is denied. Judge Alarcón would grant rehearing for the reasons stated in his dissent.

SUTTON, Circuit Judge, concurring in the denial of the petition for panel rehearing.

I write separately to put the court's decision to deny rehearing in context. Start with Kathleen Benison's retaliatory-lawsuit claim. In their rehearing petition, defendants remind the court that the Eleventh Amendment bars any official-capacity suit for damages against them without their consent. *See* Appellees' Pet. at 8 n.9. Since the only other place they invoked sovereign immunity was their answer to the Benisons' complaint, *see* R. 9 at 13, I would leave to the district court the duty of considering this defense. Given the Benisons' response to that petition, however, the question may well be academic. They have now clarified that they seek damages only in the individual-capacity claims we dismissed. Appellants' Resp. at 5, 7, 10. And on this score at least, their complaint does not demand equitable relief against any defendant in their official capacity. R. 1 at 8. So I at least cannot see what remains of this claim. But that is for the district court to figure out in the first instance.

Similarly, I would not now consider defendants' new argument that a meritorious lawsuit can never be an adverse action justifying a § 1983 claim for First Amendment retaliation, preventing the Benisons from stating a claim at all. *See Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983). Here, too, the defendants did not put the case before the court, raising it only with respect to qualified immunity (and tangentially so at that). *See* Appellee's Br. at 63. So this too is for the district court to figure out in the first instance as well. I note

simply that the argument seems relevant to many issues that might arise in any future appeal.